# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS MESTER, | CASE NO. 1:07-cv-00797-OWW-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 18, 20, 21, 22) |
| VILAYSANIE, et al., | OBJECTIONS DUE WITHIN 20 DAYS |
| Defendants. | |

Plaintiff Morris Mester ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2009, Plaintiff filed a motion to reopen this case. (Doc. #18.) Plaintiff subsequently filed multiple notices to the Court describing why Plaintiff fears for his safety due to "reprisals" from prison officials and wishes to reopen this action and proceed on the claims that the Court found to be cognizable. (Doc. #19-22.) The Court finds that Plaintiff has failed to adequately demonstrate that he is entitled to relief from final judgment in this action and recommends that Plaintiff's motions be denied, without prejudice.

This action was dismissed and closed pursuant to Plaintiff's motion to voluntarily dismiss this case. Plaintiff filed the motion to voluntarily dismiss on May 7, 2009. (Doc. #16.) In his motion, Plaintiff stated that he "feels there's no need to continue this suit! So the court can dismiss with pre[]judice." (Voluntary to Dismiss this Lawsuit Against All the Defendants in this Lawsuit! 1.) Plaintiff's motion was granted on May 13, 2009. (Doc. #17.)

Five days later, on May 18, 2009, Plaintiff filed the present motions to reopen this case. Plaintiff's allegations are unclear. Plaintiff claims that he was subject to retaliation in 2000 after he

filed a lawsuit against a counselor named A. Miller. Plaintiff was placed in administrative segregation after he refused to dismiss that lawsuit. Plaintiff claims that he wrote the motion to voluntarily dismiss this case because he was being "set up" and "again reprisals are being used against Plaintiff." (Reprisals/Retaliation Afraid for my Safety Request Court Order of Protection and to Stop unjust Transfer too [sic] Pleasant Valley State Prison! 1.) Plaintiff claims that he is only a "level II" prisoner but was "override" to "Vacaville Level III." This allegation is unclear, but it appears that Plaintiff was being transferred to Vacaville due to a change in his custody classification. Plaintiff claims that the transfer and change in classification status was in retaliation for this lawsuit. Plaintiff claims that prison officials fabricated prison documents that claimed Plaintiff was a threat. Plaintiff arrived at Vacaville on April 9, 2009 and his single cell status was removed. Plaintiff claims this was also done out of retaliation for this lawsuit. On April 22, 2009, Plaintiff was again given an "override" to Pleasant Valley State Prison.

Under Federal Rule of Civil Procedure 60(b)(3), the Court may relieve a party from a final judgment, order or proceeding in circumstances that involve "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Plaintiff claims misconduct, though not by an opposing party. Rule 60(b)(6) permits relief from final judgment for "any . . . reason that justifies relief." Relief under Rule 60(b)(6) is warranted only if extraordinary circumstances exist. Maraziti v. Thorpe, 52 F.3d 252, 254-55 (9th Cir. 1995) (citing Ackermann v. United States, 340 U.S. 193, 199-201 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984)).

The Court finds that Plaintiff fails to adequately demonstrate the extraordinary circumstances necessary to warrant relief under Rule 60(b)(6). Plaintiff has not alleged that any prison official demanded that Plaintiff voluntarily dismiss this action. There is no indication in Plaintiff's motions that any prison official told Plaintiff that he was being transferred or his "level III" "override" was being made in retaliation for this lawsuit. Further, Plaintiff has not alleged whether the prison officials who transferred Plaintiff or changed him to "level III" were even aware of the existence of this lawsuit. Plaintiff's complaint is against prison officials who are employed at Pleasant Valley State Prison. The alleged "reprisals" occurred at High Desert State Prison and Vacaville. It is

1  unclear how these other prison officials were made aware of Plaintiff's lawsuit and it is unclear why
2  they would retaliate against Plaintiff for his lawsuit against prison officials at another institution.
3  In short, it is not clear to the Court what led Plaintiff to conclude that prison officials were retaliating
4  against him because of this lawsuit.

5  Further, Plaintiff makes no effort to explain why he was allegedly coerced to voluntarily
6  dismiss this action on May 7, 2009, yet less than two weeks later, on May 18, 2009, Plaintiff
7  apparently had a change-of-heart and moved to reopen this action. Plaintiff does no explain whether
8  this unusual change-of-heart was due to changed circumstances, whether prison officials stopped
9  retaliating against him, or whether there is any other explanation for the apparent inconsistency.

10  Rule 60(b)(6) is a remedy to be used sparingly as an equitable remedy to prevent manifest
11  injustice and only utilized where extraordinary circumstances prevented a party from taking timely
12  action to prevent or correct an erroneous judgment. Latshaw v. Trainer Wortham & Co., Inc., 452
13  F.3d 1097, 1103 (9th Cir. 2006) (quotations and citations omitted). While a voluntary dismissal
14  coerced through acts of retaliation may, in theory, qualify for relief under Rule 60(b)(6), the Court
15  finds that Plaintiff has failed to persuasively demonstrate that those circumstances exist here.
16  Plaintiff's allegations are confusing, rambling, and disorganized. The Court recommends that
17  Plaintiff's motions be denied without prejudice to his ability to re-file a motion under Rule 60(b)
18  requesting that this action be reopened. Any subsequent motion to reopen must convincingly and
19  plausibly demonstrate extraordinary circumstances that warrant relief.

20  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions to reopen this case
21  be DENIED, without prejudice.

22  These Findings and Recommendations are submitted to the United States District Judge
23  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty (20)**
24  **days** after being served with these Findings and Recommendations, any party may file written
25  objections with the Court and serve a copy on all parties. Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
27  shall be served and filed within ten days after service of the objections. The parties are advised that
28  ///

1  failure to file objections within the specified time may waive the right to appeal the District Court's
2  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  　　IT IS SO ORDERED.
4  **Dated:  February 12, 2010**　　　　　　　　　 **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE